**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

RYAN DELL and JIRANDY LAHITTE, individually and on behalf of all others similarly situated,

Plaintiffs,

v. CASE NO. 1:26-cv-21266-KMW

PARKING REVENUE RECOVERY SERVICES, INC., and ASURA TECHNOLOGIES USA, INC.,

Defendants.

_______________________________________/

**PLAINTIFFS' SURREPLY TO ADDRESS *HUNSINGER***

Plaintiffs submit this Surreply pursuant to the Court's Order (D.E. 30) granting leave to address *Hunsinger v. Parking Revenue Recovery Services, Inc.*, No. 3:25-CV-1606-G-BT, 2026 WL 368558 (N.D. Tex. Feb. 6, 2026), raised for the first time in Defendants' Reply in Support of Motion to Compel Arbitration (D.E. 27).

**Introduction**

The Reply holds out *Hunsinger* as proof that "district courts compelled arbitration" on the same signage at issue here, and faults Plaintiffs for "fail[ing] entirely to attempt to distinguish *Hunsinger*." D.E. 27 at 4. But *Hunsinger* is a Report and Recommendation that was never adopted by any district court. Beyond the procedural problem, the Reply mischaracterizes what Plaintiffs argued. Plaintiffs' Opposition (D.E. 24) does not rest on a claim that they personally failed to see or read PRRS's signs. It rests on the objective deficiencies in how and where PRRS placed its signage at both facilities, and on PRRS's failure to submit evidence establishing placement context at the San Antonio Lot. *Hunsinger* never addressed anything like those deficiencies, because the facility and evidentiary record in that case were entirely different.

## I. *Hunsinger* is an unadopted report and recommendation

The Reply groups *Hunsinger* with *Butler* and *Tobey* and states that "the district courts compelled arbitration and stayed proceedings in the situation as here." D.E. 27 at 4. But unlike *Butler* and *Tobey*, no district court in *Hunsinger* ever compelled arbitration or stayed proceedings.

The cited decision is a Report and Recommendation issued by Magistrate Judge Rutherford on February 6, 2026. It recommended granting PRRS's motion. But the plaintiff filed a Notice of Voluntary Dismissal that same day. The district court never ruled on whether to adopt the R&R. No objections were filed. No order compelling arbitration was entered. The case was simply terminated.

A magistrate judge's R&R is a recommendation, not a ruling, and has no precedential force. *See Leon v. Washington Mut. Bank, F.A.*, 164 F. Supp. 2d 1034, 1039 n. 4 (N.D. Ill. 2001) ("Because the report and recommendation of the magistrate judge may or may not be accepted by the district judge in Rhode Island, it has no precedential authority in this case."). The Reply's characterization of *Hunsinger* as a case where arbitration was "compelled" is inaccurate, and the Court should not treat it as such.

## II. <u>Plaintiffs' argument is about objective placement, not subjective failure to read</u>

The Reply frames Plaintiffs' Opposition as an argument that Plaintiffs "did not see, read, or appreciate the arbitration term" and deploys *Hunsinger* for the proposition that subjective failure to read conspicuous terms is legally irrelevant. D.E. 27 at 2–3. But that is not the argument Plaintiffs made.

Plaintiffs' Opposition challenged the objective placement of PRRS's signage. As to Lahitte, Plaintiffs presented evidence that PRRS posted its sign on the passenger-side wall at the immediate threshold of a narrow garage entrance where a driver must focus forward to safely navigate the opening; that the only other sign near the entrance is physically obstructed by a larger driver-facing Rates Sign and is not legible from a driver's vantage point; that PRRS posted no signs inside the garage; and that the QR code on the signs linking to PRRS's off-sign Terms and Conditions returned a 404 error page during the relevant period. D.E. 24 at 3–8, 16–17; D.E. 24-3, Ex. G. As to Dell, Plaintiffs showed that PRRS's evidentiary submission for the San Antonio Lot relies on close-up photographs of sign text that do not establish where the signs were positioned relative to the entrance or approach path, whether they were driver-facing, or whether vehicles would pass within a readable distance. D.E. 24 at 8–9.

Those are arguments about whether PRRS's signage was objectively conspicuous and whether a reasonable driver had fair notice that an offer was "at hand." *Eglin Fed. Credit Union v. Baird*, 400 So. 3d 643, 647 (Fla. 1st DCA 2024). They are not arguments that Plaintiffs personally failed to read signs that were otherwise conspicuously placed.

In *Hunsinger*, the plaintiff argued he "did not see" the sign. 2026 WL 368558, at *3. But his own exhibits showed the sign sitting atop a large pole, unobstructed, at the entrance he admitted using. He labeled it the "Big Red Sign" on his aerial map and submitted a Google Street View screenshot confirming its visibility. *Id.* at *3-4. The magistrate judge's conclusion that the plaintiff's failure to notice an objectively conspicuous sign was "of no moment" is unremarkable on those facts. *Id.* at *6. But it does not resolve whether signage placed on the passenger-side wall of a narrow enclosed garage, obstructed at the booth area, and unsupported by any interior posting, satisfies the notice requirement for contract formation. That question remains before this Court.

The *Hunsinger* R&R itself confirms that conspicuousness is essential to formation. The magistrate judge devoted several pages to analyzing whether the sign was "reasonably conspicuous" before finding that it was. *Id.* at *4–6. If parking alone were sufficient to form a contract regardless of notice, as the Reply appears to suggest (D.E. 27 at 4–5), that analysis would have been unnecessary. PRRS cannot invoke *Hunsinger* to escape a requirement that *Hunsinger* itself enforced.

## III. ***Hunsinger* is factually and legally distinguishable**

The factual record in *Hunsinger* was nothing like the record here. *Hunsinger* involved an open-air surface lot at 226 Avenue E in San Antonio, Texas, with a wide entrance where the sign was mounted on a large pole and was "not obstructed or hidden from view." *Id.* at *4. The Miami Garage is an enclosed, multi-level structure with a narrow entrance from a public sidewalk, where the sign is mounted on the passenger-side wall at the threshold. What constitutes reasonable notice in an open lot with clear sightlines is not the same as what constitutes reasonable notice at the entrance of a narrow garage where a driver's attention must be directed forward for safety.

As to Dell, *Hunsinger* is likewise inapposite because it analyzed sign placement at a different lot (226 Avenue E, not Dell's lot at 300 Avenue E), and the conspicuousness finding

there rested on photographic evidence the plaintiff himself supplied. No comparable evidence exists here; Plaintiffs' challenge to the San Antonio Lot is that PRRS's own close-up photographs fail to establish placement context. D.E. 24 at 8–9.

The evidentiary postures are also reversed. In *Hunsinger*, the plaintiff's evidence undermined his own position. His aerial map placed the "Big Red Sign" at the entrance he used, and the magistrate judge specifically found that "exhibits attached to [the plaintiff's] sworn declaration contradict his argument[.]" *Id.* at *6. Here, Plaintiffs' evidence affirmatively demonstrates the placement deficiencies at the Miami Garage. D.E. 24 at 3–8.

The regulatory framework is also different. Florida has specifically addressed signage at private parking facilities, requiring that it be "legible and clearly visible to persons entering the area used for motor vehicle parking." Fla. Stat. § 715.075(1)(a). That statutory requirement was not at issue in *Hunsinger* and provides an independent basis for evaluating whether PRRS's signage at the Miami Garage satisfies Florida's notice requirements.

Finally, the *Hunsinger* court did not address several of the formation defenses Plaintiffs assert here, including lack of consideration, lack of mutuality, indefiniteness under Florida law pursuant to *Spicer v. Tenet Fla. Physician Servs., LLC*, 149 So. 3d 163 (Fla. 4th DCA 2014), and the nonfunctionality of the QR code linking to PRRS's off-sign terms. D.E. 24 at 9–18.

## **Conclusion**

*Hunsinger* is an unadopted R&R involving an open-air surface lot in Texas where the plaintiff's own evidence established that the sign was conspicuously placed. It does not answer the question before this Court. Under the summary-judgment-like standard of *Bazemore v. Jefferson Cap. Sys., LLC*, 827 F.3d 1325, 1329 (11th Cir. 2016), PRRS bears the burden to show that its signage at the Miami Garage and the San Antonio Lot gave a reasonable driver fair notice of an offer to arbitrate before the conduct PRRS claims constituted acceptance. *Hunsinger* does not carry that burden for PRRS, and the Motion should be denied.

Dated: April 15, 2026

Respectfully submitted,

**MARK FERRER & HAYDEN**
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130

By: *s/ Charles M. Garabedian*
Charles M. Garabedian, Esq.
Florida Bar No. 1000974
Victor Sanabria, Esq.
Florida Bar No. 125292
victor@mfh.law
charles@mfh.law
eservice@mfh.law

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document electronically on the Court's CM/ECF docket on April 15, 2026, which served same electronically upon all counsel of record.

By: *s/ Charles M. Garabedian*